UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CLAUDIA LIZZETTE LANDEVERDE-FLORES, AKA Claudia L. Landaverde-Flores,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 08-74313<br><br>Agency No. A095-718-912<br><br>ORDER |

Before:    ALARCÓN, LEAVY, and GRABER, Circuit Judges.

The memorandum disposition filed on July 7, 2010, is withdrawn.  A

replacement memorandum disposition will be filed concurrently with this order.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CLAUDIA LIZZETTE LANDEVERDE-FLORES, a.k.a. Claudia L. Landaverde-Flores,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 08-74313

Agency No. A095-718-912

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 29, 2010[**]

Before:    ALARCÓN, LEAVY, and GRABER, Circuit Judges.

Claudia Lizzette Landeverde-Flores, a native and citizen of El Salvador,

petitions pro se for review of the Board of Immigration Appeals' ("BIA") order

dismissing her appeal from an immigration judge's ("IJ") decision denying her

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"), and the BIA's order denying her motion to accept a late filed brief. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's determination of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence factual findings, *Santos-Lemus v. Mukasey*, 542 F.3d 738, 742 (9th Cir. 2008), and we review de novo due process claims, *Ram v. INS* 243 F.3d 510, 516 (9th Cir. 2001). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the BIA's determination that Landeverde-Flores failed to establish past persecution or a well-founded fear of future persecution on account of an anti-gang political opinion or membership in a particular social group. *See Santos-Lemus*, 542 F.3d at 745-47; *see also Barrios v. Holder*, 581 F.3d 849, 854-55 (9th Cir. 2009). Because Landeverde-Flores failed to demonstrate that she was persecuted or fears future persecution on account of a protected ground, we deny the petition as to her asylum and withholding of removal claims. *See Santos-Lemus*, 542 F.3d at 748.

We lack jurisdiction to consider Landeverde-Flores' CAT claim because she did not exhaust this claim before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

The BIA did not abuse its discretion in declining to accept Landeverde-Flores' untimely brief. *See Zetino v. Holder*, No. 08-70390, 2010 WL 3385957, *4 (9th Cir. Aug. 30, 2010) (concluding the applicable regulations indicate the BIA "*could have* considered" the brief, but it was under no obligation to do so, and the BIA did not act arbitrarily, irrationally, or contrary to the law in denying it) (emphasis in original).

Finally, we reject Landeverde-Flores' due process contention regarding the BIA's refusal to accept the brief because the BIA reached the merits of her appeal and affirmed the IJ's finding in a reasoned decision. *See Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620-21 (9th Cir. 2006) (holding that no due process violation exists unless "the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**